| | | |
|---|---|---|
| **FRANCES MARIE SIMS,** <br> **PLAINTIFF** <br><br> **V.** <br><br> **EILEEN MCDILDA** <br> **ASSISTANT ATTORNEY GENERAL FOR THE** <br> **STATE OF TEXAS** <br> **INDIVIDUALLY AND OFFICIAL CAPACITY,** <br><br> **AND** <br><br> **CHERYL BELLESEN** <br> **MANGER OF LOAN RECOVERY FOR THE** <br> **TEXAS HIGHER EDUCATION COORDINATING** <br> **BOARD** <br> **INDIVIDUALLY AND OFFICIAL CAPACITY,** <br> **DEFENDANTS** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CASE NO.:** 5:20-cv-00722 |

## COMPLAINT

      NOW COMES **FRANCES MARIE SIMS**, Plaintiff, and files this Complaint, alleging

that Defendants **EILEEN MCDILDA** and **CHERYL BELLESEN** violated Frances Marie

Sims' federal constitutional rights. In support of such allegations, Frances Marie Sims would

show the Court as follows:

## I. JURISDICTION AND VENUE

1.      This complaint arises under the United States Constitution. This Court has jurisdiction

pursuant to 28 U.S.C. §1331 and §1343.

2.      This complaint is brought pursuant to 42 U.S.C. §1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3.      Venue is proper in this judicial Court pursuant to 28 U.S.C. §1391, as the acts complained of arose in this district.

4.      Venue is also proper in the San Antonio Division of the Western District of Texas since the Plaintiff has been a resident of Bexar County, Texas at all time relevant to this complaint. The loan at issue in this lawsuit was entered into and executed in Bexar County, Texas. The judgment taken against Plaintiff, which is the basis of this complaint, was abstracted in Bexar County, Texas. The aforementioned abstract placed a cloud on the title(s)of Plaintiff's real property located in Bexar County, Texas, which injured the Plaintiff. Therefore, a substantial part of the events occurred in the Western District of Texas, San Antonio Division at the San Antonio Division is an appropriate venue. All conditions precedent have occurred or have been performed.


## II. **PARTIES**


5.      At all times herein mentioned Plaintiff Frances Marie Sims has resided within the Bexar County, Texas.

6.      At all times herein mentioned, Defendant, Eileen McDilda was employed by the Attorney General's Office for the State of Texas, and was acting under color of state law and as

the employee, agent, or representative of the Attorney General's Office for the State of Texas. This Defendant is being sued in her individual capacity and official capacity. Defendant may be served with process at the Office of the Attorney General of The State of Texas, 300 W. 15th Street Austin, TX 78701.

7.      At all times herein mentioned, Defendant, Cheryl Bellesen  was employed by the Attorney General's Office for the State of Texas, and was acting under color of state law and as the employee, agent, or representative of the Attorney General's Office for the State of Texas. This Defendant is being sued in her individual capacity and official capacity. Defendant may be served with process at the Office of the Attorney General of The State of Texas, 300 W. 15th Street Austin, TX 78701.

### III. <u>STATEMENT OF FACTS</u>

8.      Between August of 2001 and May of 2003, Ms. Sims cosigned 3 promissory notes for a college access loans administered by the Texas Higher Education Coordinating Board.

9.      On or about February 1, 2008, The State of Texas took a default judgment against the original borrower of the 3 aforementioned promissory notes. The default judgment included $150.00 in attorney fees.

10.      On January 30, 2009, The State of Texas filed suit against Ms. Sims to collect on the 3 aforementioned promissory notes she had cosigned in cause number C-1-CV-09-001124.

11.      On January 11, 2011, Ms. Sims was served with the aforementioned lawsuit that was filed on January 30, 2009.

12.      On February 8, 2011, County Court at Law No. 1 for Travis County file stamped Ms. Sims, Pro Se, answer to the aforementioned lawsuit. At no time during the prosecution of cause

number C-1-CV-09-001124 was Plaintiff represented by counsel.

13.     On July 27, 2011, County Court at Law No. 1 for Travis County file stamped the State of Texas' Motion for Summary Judgment against Ms. Sims.

14.     The aforementioned Motion for Summary Judgment contains a certificate of service stating: "I hereby certify that on **<u>AUG 02 2011</u>** a true and correct copy of the foregoing Motion for Summary Judgment has been forwarded by certified mail, return receipt requested to the Defendant by and through the attorney of record..." [1] Defendant, Eileen McDilda, certified to the Court that she had already forwarded the aforementioned Motion for Summary Judgment on a date that has not yet occurred and is in the future. The aforementioned certification contained within the aforementioned Motion for Summary Judgment is an impossibility.

15.     Ms. Sims never received any documentation whatsoever concerning the aforementioned Summary Judgment Motion and its hearing that was allegedly held on September 9, 2011, relating to the aforementioned Summary Judgment Motion. Therefore, Ms. Sims did not file a response to said summary judgment. An Order was signed on September 9, 2011, granting the State of Texas' Motion for Summary Judgment setting forth a sum owed. [2] The only legal work performed by the State of Texas in the cause against Frances Marie Sims was: (1) Filing of what appears to be a two page forum Original Petition, (2) citation with an officer's return, (3) Filing of what appears to be a 3 page forum Motion for Summary Judgment for full and final disposition of cause number C-1-CV-09-001124, (4) Filing of what appears to be a forum order for the aforementioned Motion for Summary Judgment. There was no discovery propounded in the suit filed against Frances Marie Sims. Notwithstanding the limited legal proceedings in this cause Eileen McDilda Esq. filed an affidavit for attorney fees and obtained a judgment awarding

---

[1] *See* Exhibit 1 pg. 3 (emphasis added)
[2] *See* Exhibit 1 pg. 13

$5,000.00 in attorney fees.

16.     Ms. Sims never received any notice whatsoever from the State of Texas or County Court at Law No. 1 for Travis County that a judgment had been taken against her relating to the 3 aforementioned promissory notes .

17.     On or about December 16, 2011, without personal and/or actual notice to Ms. Sims the State of Texas filed a Judgment Lien in the Bexar County, Texas deed records based on the aforementioned judgment.

18.     On or about October of 2018, for the first time Ms. Sims became aware of an abstract of the aforementioned judgment. Ms. Sims became aware of the aforementioned abstract of judgment because Ms. Sims had previously entered into a contract for the sale of real property and a title company was attempting to close on the aforementioned contract for the sale of real property. Prior to October of 2018, Ms. Sims had no knowledge that the aforementioned judgment had been taken against her by the State of Texas.

19.     On or about February 8, 2019, Ms. Sims received a demand letter from counsel for the buyers of the aforementioned real property relating to the Judgment Lien filed by the State of Texas. The aforementioned demand letter stated that Frances Sims was in violation of Chapter 5 of the Texas Property Code for failing to keep said real property free of any liens.

20.     Frances Marie Sims hired counsel to represent her against the threatened claims of the buyers of the aforementioned real property. Ms. Sims incurred legal fees to defend against the real property buyers claims, as a result of the aforementioned judgment and abstracted lien filed by the State of Texas.

21.     On or about March of 2019, an agent for Ms. Sims contacted the manager for the Student Loan Collections, Bankruptcy and Collections Division, of the Office of the Attorney

General for the State of Texas, and spoke to Cheryl Bellesen. Cheryl Bellesen advised Ms. Sims' agent that entire amount of the account associated with the aforementioned 3 promissory notes was owed. Cheryl Bellesen advised Ms. Sims' agent that the aforementioned amount that Ms. Sims had to pay included fees and interest associated with a prior judgment obtained against the original borrower of the loans Ms. Sims had cosigned for, and an additional $5,000.00 in legal fees to obtain the judgment against Ms. Sims. Additionally, Cheryl Bellesen is the person who filed the abstract of the aforementioned judgment, which placed a cloud on Ms. Sims real properties. Furthermore, Cheryl Bellesen required Ms. Sims to pay amounts in excess of the amount owed under the judgment against Ms. Sims including post judgment interest.

22. In order to mitigate damages claimed by the buyers of the aforementioned real property Ms. Sims paid off the aforementioned lien amount required by Cheryl Bellesen, acting as an agent for the State of Texas, and an additional $10,000.00 in attorney fees incurred by the real property buyers.

23. The Texas Supreme Court has held that a notice of hearing when summary judgment is filed must be served on all parties in order to give notice when a response to the aforementioned summary judgment is due. [3] Ms. Sims never received notice of the filing of a summary judgment motion or notice of hearing in cause number C-1-CV-09-001124. Without the aforementioned notice Ms. Sims would not know that a response needed to filed and thus her Due Process rights were violated under the Fourteenth Amendment to the United States Constitution by not allowing Ms. Sims the opportunity to respond.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to attorney's fees associated with the cloud on the title of

---

[3] *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998)

Plaintiff's real property and other economic losses. Ms. Sims also experienced humiliation, indignity, and damage to her reputation. Defendants' aforementioned conduct was shocking and willfully indifferent to Plaintiff's rights and with conscious awareness that their actions would cause Plaintiff's aforementioned damages.

25.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages against the Defendants in an amount to be ascertained according to proof at the time of trial.

26.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to her in the instant action so that she might vindicate the loss and impairment of her rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.


# IV. COUNT 1

### FRANCES MARIE SIMS AGAINST EILEEN MCDILDA, IN HER OFFICAL CAPACITY, FOR FAILING TO GIVE NOTICE OF A SUMMARY JUDGMENT AND HEARING IN VIOLATION OF THE FOURTEENTH AMENDMENT

27.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

28.     By reason of Eileen McDilda's failure to serve Frances Marie Sims with the filed Motion for Summary Judgment in cause number C-1-CV-09-001124 and failure to serve Frances Marie Sims notice of the hearing on said Motion, Eileen McDilda deprived Ms. Sims of her Due Process rights secured to her by the Fourteenth Amendment to the Constitution of

the United States and laws enacted thereunder.

29.     Any licensed attorney in the State of Texas should have known failure to serve Frances

Marie Sims with the filed Motion for Summary Judgment in cause number C-1-CV-09-001124

and notice of the hearing on said Motion would violate Ms. Sims' Due Process rights. Eileen

McDilda's failure to serve Frances Marie Sims was done with conscious awareness as Eileen

McDilda certified that she had served Plaintiff, when in fact the certification of service was dated

almost a week in the future. This act was willful, wanton, malicious, oppressive, and done with

reckless indifference to and/or callous disregard for Plaintiff's rights.

30.     Therefore, Eileen McDilda, in official capacity as an attorney in the State of Texas'

Attorney General's Office,  is liable to Frances Marie Sims for damages and attorney fees,

pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, as set forth in this complaint.


## V. COUNT 2

### FRANCES MARIE SIMS AGAINST CHERYL BELLESEN, IN HER OFFICAL CAPACITY, FOR TAKING MS. SIMS PROPERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT

31.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent

paragraphs, and exhibits.

32.     By reason of Cheryl Bellesen's filing an abstract of the aforementioned judgment,

taken in violation of Ms. Sims' Fourteenth Amendment right to Due Process, Cheryl Bellesen

place a cloud on the title of all of Ms. Sims' real properties. The aforementioned cloud placed

on the title of all of Ms. Sims real properties was an unconstitutional governmental taking of

Ms. Sims property rights. Plaintiff was deprived of her rights, privileges, and immunities

secured to her by the Fourteenth Amendment to the Constitution of the United States and laws

enacted thereunder. The act of placing a cloud on all of Plaintiff's real properties was willful, wanton, and oppressive.

33.     Therefore Cheryl Bellesen, in official capacity as an agent for the State of Texas' Attorney General's Office,  is liable to Frances Marie Sims for damages and attorney fees, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, as set forth in this complaint.


## VI. COUNT 3

### FRANCES MARIE SIMS AGAINST CHERYL BELLESEN, IN HER OFFICAL CAPACITY, FOR TAKING MS. SIMS PROPERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT

34.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

35.      By reason of Cheryl Bellesen's requiring Plaintiff to pay sums in excess of the amount she had to pay in order to remove the aforementioned cloud on the title of all of Ms. Sims' real properties, was an unconstitutional governmental taking of Ms. Sims property rights under the Fourteenth Amendment. After reviewing all of the documents reflecting the amount Ms. Sims was required to pay to obtain a release of judgment, the amount in the documents, does not equate to the amount Cheryl Bellesen required Ms. Sims to pay to obtain that release. Plaintiff was deprived of her rights, privileges, and immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. The act of requiring Plaintiff to pay sums in excess of the amount she had to pay was willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

36.    Therefore Cheryl Bellesen, in official capacity as an agent for the State of Texas'

Attorney General's Office,  is liable to Frances Marie Sims for damages and attorney fees,

pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, as set forth in this complaint.


## VII. COUNT 4

### FRANCES MARIE SIMS AGAINST EILEEN MCDILDA, INDIVIDUALLY, FOR FRAUD BY NONDISCLOSURE

37.    Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent

paragraphs, and exhibits.

38.    Defendant, Eileen McDilda, failed to disclose to the Plaintiff that a summary judgment

was filed and a hearing set on the said motion for cause number C-1-CV-09-001124. Eileen

McDilda had a duty to disclose that a summary judgment was filed and a hearing set on the said

motion for cause number C-1-CV-09-001124 under Texas law. The summary judgment was for

a full and final disposition of cause number C-1-CV-09-001124, thus the required disclosure

was material. [4] Eileen McDilda knew Plaintiff was Pro Se and lived in a different city more

than an hour away and Ms. Sims had no reasonable way to discover the lack of disclosure.

Eileen McDilda remained deliberately silent as she did not ensure the Motion for Summary

Judgment was received by the Plaintiff by filing evidence that the Motion for Summary

Judgment was served in accordance with Texas law.  Even after no answer was filed within the

time frame allotted by Texas Rules of Civil Procedure, Eileen McDilda did not take any

reasonable follow-up measures to ensure Pro Se Plaintiff received notice of hearing on said

motion. Eileen McDilda knowingly failed to serve the Pro Se Plaintiff. That failure to serve was

---

[4] *See* Exhibit 1 pg. 13

done so that Plaintiff would not have notice of the summary judgment and not be able to file a response to the aforementioned summary judgment. Since Ms. Sims did not receive notice of the aforementioned summary judgment and hearing Ms. Sims did not take any action to safe guard her rights or her property. Because of the aforementioned nondisclosure Ms. Sims suffered injuries.

39.    Therefore, Defendant is liable to Frances Marie Sims for damages set forth in this complaint.

## VIII. <u>COUNT 5</u>

### FRANCES MARIE SIMS AGAINST CHERYL BELLESEN, INDIVIDUALLY, FOR FRAUD IN THE INDUCEMENT

40.    Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

41.    Defendant Cheryl Bellesen represented to the Plaintiff that she owed amounts in excess of the amount she had to pay in order to remove the aforementioned cloud on the title of all of Ms. Sims' real properties. Cheryl Bellesen's representation to Ms. Sims of the amount she had to pay in order to remove the aforementioned cloud on the title was false. Cheryl Bellesen induced Ms. Sims to pay the excess amounts in order to obtain a release to remove the cloud on the title to Ms. Sims' properties. Ms. Sims relied on Cheryl Bellesen's representations because Cheryl Bellesen worked for the Attorney General's Office for the State of Texas. Ms. Sims was damaged because she paid an amount in excess of what is required under Texas law to obtain the release to remove the cloud on the title to Ms. Sims' properties.

42.    Therefore, Defendant is liable to Frances Marie Sims for damages set forth in this complaint.

## IX. <u>COUNT 6</u>

### COMPLAINT FOR DAMAGES

43.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

44.     Plaintiff has suffered the following injuries arising out of the counts set forth in this complaint to include: Deprivation of Constitutional Rights, Mental Anguish, Loss of Profits, Loss of Reputation, Loss of Credit Worthiness, Damages resulting from the cloud on the title to Ms. Sims real properties, and Attorney Fees related to the aforementioned cloud on the title to Ms. Sims real properties.

45.     The Defendants actions were the legal cause of the Plaintiff's injuries. Ms. Sims seeks all actual, consequential, direct, and special damages deemed to be attributable to Defendants. Awarding such other and further relief as this Court deems fit, just, proper and equitable.

## X. <u>COUNT 7</u>

### DEMAND FOR ATTORNEY FEES

46.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

47.     In her legitimate desire to pursue the rights and privileges guaranteed by the Constitution and laws of the United States, the Plaintiff has employed the undersigned counsel to prosecute this action and has agreed to pay a reasonable fee for same, which fees and costs should be awarded to Plaintiff pursuant to 42 U.S.C. §1988.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Frances Marie Sims requests that:

Defendants be cited to appear and answer, and on final trial, Plaintiff have:

a.   Injunctive and equitable relief;

b.   Compensatory damages, including, but not limited to, damages for, humiliation, inconvenience, mental anguish, and other non-pecuniary losses;

c.   Judgment against Defendants for actual damages;

d.   Punitive and exemplary damages as may be awarded by the trier of fact;

e.   Costs, including reasonable and necessary attorney's fees, as well as expert fees;

f.   Pre-judgment and post-judgment interest as allowed by law; and

g.   Any other and further relief as this Court deems fit, just, proper and equitable.

Respectfully submitted,

Brian A. Jones
**The Law Offices of Brian Jones**
P.O. Box 100897
San Antonio, Texas 78201
Phone:(210) 978-2559
Fax:(210) 485-2461
Texas Bar No. 24101974
Email: Brian@TheJonesLawFirm-Tx.com
**ATTORNEY FOR PLAINTIFF**